S. FRANK HARRELL – SBN 133437
sharrell@lynberg.com
JESSE K. COX – SBN 285218
jcox@lynberg.com
JULIA M. WITT – SBN 249567
jwitt@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W, Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant COUNTY OF ORANGE

# UNITED STATES DISTRICT COURT CENTRAL DISTRICT COURT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| RUTH HOBART,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF ORANGE; DON BARNES, in his individual and official capacity; JOSHUA MCAULIFFE, in his individual and official capacity; JERRELL BOSLEY, in his individual and official capacity; SCOTT FERRARO, in his individual and official capacity; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | CASE NO: 8:23-cv-2004<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. 1441(b) (FEDERAL QUESTION JURISDICTION)**<br><br>[Removed from Orange County Superior Court Case No. 30-2023-01336671-CU-CR-NJC]<br><br>[Federal Question Jurisdiction: 28 U.S.C. § 1331; Removal: § 28 U.S.C. § §1441, 1446; Supplemental Jurisdiction: 28 U.S.C. § 1367]<br><br>[Civil Case Cover Sheet and Certificate of Interested Parties Filed Concurrently Herewith] |

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. 1441(b) (FEDERAL QUESTION JURISDICTION)**

**TO THE CLERK OF THE ABOVE-REFERENCED COURT:**

**PLEASE TAKE NOTICE** that on this date, based on the allegations of RUTH HOBART'S ("Plaintiff") Complaint for Damages, Defendant COUNTY OF ORANGE ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  Defendant removes this civil action based on the following:

1. On or about July 17, 2023, Plaintiff commenced this action in the Superior Court of the State of California for the County of Orange, Case No. 30-2023-01336671-CU-NJC, entitled <u>Ruth Hobart v. County of Orange, et al.</u>  A copy of the file-stamped version of the Complaint for Damages filed by Plaintiff on July 17, 2023 is attached hereto as Exhibit "A."  On or about July 17, 2023, the Superior Court issued and filed a Summons on Plaintiffs' Complaint for Damages.  The Summons is attached hereto as Exhibit "B."

2. Plaintiffs personally served Defendant County of Orange on September 25, 2023, by hand-delivering copies of the Summons directed to the County along with the Complaint for Damages, at the office of the Clerk of the County Board of Supervisors.  Proof of Service of Summons memorializing service on the County is attached hereto as Exhibit "C."

3. Plaintiffs' Complaint for Damages alleges the following causes of action: (1) False Arrest (Cal. Gov. Code § § 820; 820.4; 815.2); (2) Assault & Battery (Cal. Gov. Code § § 820; 820.4; 815.2); (3) Negligence (Cal. Gov. Code § § 820; 820.4; 815.2); (4) Intentional Infliction of Emotion Distress (Cal. Gov. Code § § 820; 820.4; 815.2); (5) Bane Act (Cal. Civ, Code § 52.1); (6) Failure to Summon Medical Care (Cal. Gov. Code §845.6); (7) Excessive Force (42 U.S.C. § 1983); (8) Deliberate Indifference to Serious Medical Needs (42 U.S.C. § 1983); (9) Monell (42 U.S.C. § 1983); (10) ADA Violation (42 U.S.C. § 12101 et seq.); (11)

Rehabilitation Act Violation (29 U.S.C. § 794(a)).  (See generally, Complaint for Damages, Exhibit "A").

4. The first date upon which Defendants County of Orange received service of process was on September 25, 2023, as discussed in Paragraph 2, above. Removal on behalf of the County and the Sheriff's Department is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within 30 days of September 25, 2023.

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441, in that it arises under the United States Constitution and federal statutes.  Specifically, Plaintiffs' Complaint for Damages seeks relief pursuant to 42 U.S.C. § 1983 for alleged violations of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. § 12101 et. seq., and 29 U.S.C. § 794(a), for violations of the Americans with Disabilities Act ("ADA") and Rehabilitation Act, respectively.

6. Plaintiff asserts her Ninth Causes of Action against the County through 42 U.S.C. § 1983, for alleged violations of Plaintiff's Fourth and Fourteenth Amendment rights.  (See generally, Plaintiff's Complaint for Damages, 38:23-40:24, Exhibit "A").  Plaintiff asserts her Tenth Cause of Action against the County through the Americans with Disabilities Act (42 U.S.C. § 12101 et. seq.).  (See generally, Plaintiff's Complaint for Damages, 41:1-43:26, Exhibit "A").  Plaintiff asserts her Eleventh Cause of Action against the County through the Rehabilitation Act (29 U.S.C. § 794(a)).  (See generally, Plaintiff's Complaint for Damages, 44:1-45:17, Exhibit "A").  As indicated, Plaintiff's Ninth Cause of Action is allegedly premised on violations of Plaintiff's Fourth and Fourteenth Amendment Rights. (See, Complaint for Damages, ¶ ¶ 232, 234, 236, 237, Exhibit "A").  Specifically, Plaintiff alleges that Defendants, individually and acting as peace officers employed

by Defendant County of Orange, "deprived Plaintiff of the rights and liberties secured to [her] by the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants and their supervising and managerial employees, agents, and representatives … knowingly maintained, enforced, and applied in an official recognized custom, policy, and practice" of, among other things, "inadequately supervising, training, and controlling County peace officers to provide medical attention to those whom they use force against," and "inadequately supervising, training, controlling, assigning, and disciplining County peace officers… in responding to individuals who were mentally impaired or disabled." (See, Complaint for Damages, ¶ 232, Exhibit "A"). She further alleges that these purported officials, "[failed] to discipline the County of Orange peace officers' conduct, including, but not limited to unlawful detention and excessive force, and "[ratified] the intentional misconduct of Defendants and other peace officers." (Id.). She claims that by reason of the aforementioned policies and practices, she was "severely injured and subjected to pain and suffering for which [she] is entitled to recover damages." (See, Complaint for Damages, ¶ 233, Exhibit "A"). She further alleges that "Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs," and they "tolerated and through actions and inactions thereby ratified such policies with respect to the constitutional rights of Plaintiff." (See, Complaint for Damages, ¶ 234, Exhibit "A"). In doing so, Defendants "acted with intentional, reckless, and callous disregard for the life of Plaintiff." (See, Complaint for Damages, ¶ 235, Exhibit "A").

Plaintiff's Tenth Cause of Action is premised on violations of the ADA (42 U.S.C. § 12101 et seq.). Specifically, Plaintiff claims that Defendants, "failed to make reasonable accommodations to Plaintiff's medical needs based on her mental and physical health," and "denied [her] benefits of the services, programs or

activities including a transfer to a mental health facility." (See, Complaint for Damages, ¶¶ 242-243, 248-249, Exhibit "A"). She further alleges, that Defendants "were deliberately indifferent to Plaintiff's serious medical condition," because they "had actual knowledge of the substantial risk of harm to Plaintiff from her serious medical condition," and they "[failed] to communicate or document her condition, [failed] to place her in the County Jail's Medical where [she] could be observed, and [failed] to provide [her with] medical care when [she] was in medical distress." (See, Complaint for Damages, ¶ 251, Exhibit "A"). Plaintiff also claims that Defendants failed to conduct self-evaluation procedures and training for personnel about how to handle encounters with mentally ill persons and persons with bipolar disorder. (See, Complaint for Damages, ¶¶254-55, Exhibit "A'). Plaintiff claims that as a direct and proximate result of Defendants' conduct, she has suffered damages in an amount to be determined at trial. She further claims that she is entitled to a declaratory judgement and injunctive relief. (See, Complaint for Damages, ¶¶ 257-58, Exhibit "A").

Plaintiff's Eleventh Cause of Action is premised on violations of the Rehabilitation Act (29 U.S.C. § 794(a)). Plaintiff claims that she is a "qualified individual with a disability" under the Rehabilitation Act, and Defendants "violated the Rehabilitation Act by failing to make a reasonable accommodation to [her] needs." (See, Complaint for Damages, ¶¶ 262-63, Exhibit "A"). Specifically, she alleges that Defendant County of Orange, "failed to communicate critical medical information to the Orange County Central Jail," and it "failed to provide her with medical and psychiatric care as her condition deteriorated," and "failed to accommodate [her] with the services and programs available to mental health patients," including "placement in a mental health hospital or a unit within the Central Jail where mental health care was available." (See, Complaint for Damages, ¶¶ 264-66, Exhibit "A"). She further alleges that Defendants failed "to conduct any self-evaluation of procedures and training for its personnel about how to handle

communications with jails regarding patients who have mental illness or another disability," and "Defendants knew of the substantial risk of harm to Plaintiff from her serious medical condition but acted with deliberate indifference by failing to communicate or document her condition." (See, Complaint for Damages, ¶ 269, Exhibit "A"). Plaintiff claims that as a direct and proximate result of Defendants' conduct, she has suffered damages in an amount to be determined at trial and is also entitled to injunctive and declaratory relief. (See, Complaint for Damages, ¶¶ 269-770, Exhibit "A").

7. Plaintiff also asserts her Seventh and Eighth Causes of Action through 42 U.S.C. §1983, alleging violations of her Fourth and Fourteenth Amendment rights. (See generally, Complaint for Damages, 34:1-38:22, Exhibit "A"). Though these claims are not asserted against Defendant County, they also arise pursuant to federal law and are appropriately subject to removal. See, 28 U.S.C. § §1331, 1441.

8. Plaintiff's First, Second, Third, Fourth, Fifth, and Sixth Causes of Action seek relief pursuant to California law. (See generally, Complaint for Damages, 20:1-32:1, Exhibit "A"). All of these causes of action are removable under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. See, Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) ("Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is 'a common nucleus of operative fact between the state and federal claims…. The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity.") (internal citations omitted).

9. This Notice of Removal is filed exclusively on behalf of Defendant, County of Orange, as to date, only the County of Orange has been served. (See, ¶¶ 2,5, supra). Accordingly, all *served* defendants have therefore joined in and consent to removal. See, 28 U.S.C. § 1446(b)(2)(A).

10. Although the entire action may be removable in the circumstances here

involved, pursuant to 28 U.S.C. § 1441(c)(2) the Court may sever the claims not within the original or supplemental jurisdiction of the district court (under 28 U.S.C. § 1441(c)(1)) and remand the severed claims to the State Court from which removal was sought and obtained.

11. Removal to this Court is proper under 28 U.S.C. § 1441 because the Complaint for Damages was filed in the Superior Court of the State of California for the County of Orange, and this U.S. District Court for the Central District of California in the Southern Division is the U.S. District Court for the district and division in which this action is pending.

12. The jurisdictional allegations of this Notice were true at the time the state court action was commenced against Defendants and remain true as of the date of filing of this Notice of Removal.

13. A copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Orange and served upon all adverse parties as required by 28 U.S.C. § 1446(d), and an appropriate notice of compliance with 28 U.S.C. Section 1446(d) also shall be served and filed in the above-entitled Court.

14. By virtue of this Notice of Removal, Defendants do not waive their rights to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure. Further, Defendants reserve the right to submit additional evidence and assert supplemental grounds in support of removal as appropriate in future circumstances.

15. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers or exhibits of every kind filed and/or served on Defendants, or otherwise available on the docket in the state court action are attached here, as follows:

- ❖ Exhibit "A" – Complaint for Damages, filed July 17, 2023
- ❖ Exhibit "B" – Superior Court Civil Case Cover Sheet, filed July 17,

2023
- Exhibit "C" - Summons, issued and filed July 17, 2023
- Exhibit "D" – Payment Received by DDSLegal
- Exhibit "E" – Case Management Conference Schedule for 01/23/2024, filed July 19, 2023
- Exhibit "F" - Notice of Errata to Plaintiff's Civil Complaint for Damages, filed September 25, 2023
- Exhibit "G" – Proof of Service, filed on September 29, 2023
- Exhibit "H" – Association of Attorney, filed on October 18, 2023

16. Additionally, and pursuant to Central District Local Rule 3.1, a completed Civil Case Cover Sheet and Certificate of Interested Parties have been filed with the Court.

DATED: October 25, 2023                    Respectfully submitted,

**LYNBERG & WATKINS**
A Professional Corporation

By: _____
**S. FRANK HARRELL**
**JESSE K. COX**
**JULIA M. WITT**
Attorneys for Defendant COUNTY OF ORANGE